UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH S.,                                                          21-CV-01215-MJR
                                                                    DECISION AND ORDER
                              Plaintiff,

        -v-

COMMISSIONER OF SOCIAL SECURITY,


                              Defendant.

_____

        Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States

Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 9)

        Plaintiff Joseph S.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g)

and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social

Security ("Commissioner" or "defendant") denying his applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security

Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule

12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion

(Dkt. No. 6) is denied, and defendant's motion (Dkt. No. 7) is granted.

_____

        [1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by
first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB and SSI on October 1, 2019, with an alleged onset date of February 22, 2018. (Administrative Transcript ["Tr."] 15).  The application was initially denied on January 10, 2020, and upon reconsideration on March 6, 2020.  (Tr. 131-76).  Plaintiff filed a timely request for an administrative hearing.  (Tr. 177-93). On December 18, 2020, Administrative Law Judge ("ALJ") Mark Solomon held a telephone hearing, during which Plaintiff participated via telephone, with counsel.  (Tr. 31-53).  A vocational expert ("VE") also testified at the hearing.  The ALJ issued an unfavorable decision on February 16, 2021.  (Tr. 12-30).  On October 13, 2021, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6).  This action followed.

## DISCUSSION

I.     _Scope of Judicial Review_

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," _Richardson v. Perales_, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  _Smith v. Colvin_, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c).   Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.   *Id.* §§404.1520(d), 416.920(d).   If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.   *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.   Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.   *Id.* §§404.1520(e), 416.920(e).   RFC "is the most [the claimant] can still do despite [his or her] limitations."   *Id.* §§404.1545(a)(1), 416.945(a)(1).   The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.   At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."   *Id.* §§404.1520(f), 416.920(f).   If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.   *Id.* §§404.1520(f), 416.920(f).   Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."   *Id.* §§404.1520(g)(1), 416.920(g)(1).   If the claimant can adjust to other work, he or she is

not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

Preliminarily, the ALJ determined that Plaintiff's last-insured date is March 31, 2020.  (Tr. 17).  At the first step of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 22, 2018, the alleged onset date. (Tr. 17).  Next, at step two, the ALJ determined that Plaintiff has the following severe impairment: multiple sclerosis.  (Tr. 17-19).  Next, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-20). Before proceeding to step four of the sequential evaluation, the ALJ determined that Plaintiff has the RFC to perform light work as defined at 20 C.F.R. § 404.1567(b) and 416.967(b) with the following limitations:

- He can occasionally balance.
- He can frequently handle and finger.
- He should avoid extreme heat, cold, wetness, humidity, unprotected heights, hazardous machinery, and concentrated exposure to respiratory irritants.

(Tr. 20-24).  At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  (Tr. 24). At step five, the ALJ considered Plaintiff's age, education, prior work experience, and RFC, and concluded that there are jobs that exist in significant numbers

in the national economy that Plaintiff can perform. (Tr. 24-25). Accordingly, the ALJ found that Plaintiff is not disabled under the Act. (Tr. 25).

IV.     _Plaintiff's Challenges_

Plaintiff contends that a remand is appropriate because the RFC determination did not include his mild mental limitations. (Pl. Mem. at 9-11). Plaintiff's contention is not persuasive, because the inclusion of mild mental limitations in the RFC determination would not preclude Plaintiff from performing unskilled work. The basic mental demands of unskilled work include the ability to understand, carry out, and remember simple instructions; make simple work-related decisions; respond appropriately to supervisors, co-workers, and usual work situations; and deal with changes in a routine work setting. SSRs 85-15, 96-9p. The ALJ did rely on substantial evidence to conclude that Plaintiff could perform unskilled work. (_See_ Tr. 58, 85, 262-63, 632, 732).

For instance, on his activities of daily living questionnaire, Plaintiff reported that he had no problems paying attention, could finish what he started, could follow written and spoken instructions, and had no problems getting along with bosses and others in authority. (Tr. 262-63). Dr. Fabiano, a consultative psychologist, assessed that Plaintiff had mild limitations in understanding, remembering, or applying simple directions. (Tr. 732). Dr. Fabiano further assessed no limitations in sustaining concentration and performing a task at a consistent pace; interacting adequately with supervisors, coworkers, and the public; and making simple work-related decisions. (Tr. 732). It is well established that a consultative psychologist's opinion may serve as substantial evidence in support of an ALJ's decision if the evidence of record supports the opinion, as it does

here. *See Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)).

Other substantial evidence of record demonstrates that Plaintiff retained the RFC to perform unskilled work. (Tr. 58, 85, 632). Dr. May, a State agency psychological consultant, assessed that Plaintiff had no limitations in interacting with others. (Tr. 58). Dr. May also assessed mild limitations in understanding, remembering, or applying information; and concentrating, persisting, or maintaining pace. (Tr. 58). Dr. Lieber-Diaz, a State agency psychological consultant, assessed no limitations in interacting with others. (Tr. 85). Dr. Lieber-Diaz also assessed mild limitations in understanding, remembering, or applying information; and concentrating, persisting, or maintaining pace. (Tr. 85). State agency psychological consultants, such as Dr. May and Dr. Lieber-Diaz, are highly qualified psychologists who are experts in Social Security disability evaluations and an ALJ is entitled to rely upon their opinions. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

Likewise, Dr. Stehlik, Plaintiff's treating internist, assessed mild limitations in understanding, remembering, or applying information; relating and interacting with others; and in concentrating, persisting, or maintaining pace. (Tr. 632). The Second Circuit has held that substantial evidence supports a finding that claimant can perform unskilled work where "[n]one of the clinicians who examined [plaintiff] indicated that [plaintiff} had anything more than moderate limitations in [his] work-related functioning, and most reported less severe limitations." *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010).

The Second Circuit has also held that the failure to include moderate mental limitations in a hypothetical question to a VE is harmless error if substantial evidence

demonstrates that plaintiff can perform unskilled work despite his moderate mental limitations. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (holding that the failure to incorporate limitations in a hypothetical is harmless error if the evidence demonstrates plaintiff can engage in simple, routine tasks or unskilled work despite limitations). Here, the ALJ's failure to include Plaintiff's mild (*i.e.*, less than moderate) mental limitations in the RFC determination and the hypothetical question to the VE would be harmless error because the jobs cited by the VE are unskilled and Plaintiff retained the RFC to perform unskilled work. (Tr. 49-50). *See Zabala v. Astrue*, 595 F.3d at 410 (holding that remand is not necessary where the same result would be achieved by applying the correct legal standard); *Shinseki v. Sanders*, 556 U.S. 396, 129 S. Ct. 1696, 173 L.Ed.2d 532 (2009) (holding that an agency's error does not require remand when a remand to correct the error would still result the same outcome on remand); *see also Morales v. Comm'r of Soc. Sec.*, No. 17-CV-341, 2019 WL 1109572, at *3 (W.D.N.Y. Mar. 11, 2019) (collecting cases and stating that where "the correction of a factual error . . . would not change the outcome, that error is deemed harmless").

Plaintiff's contention that the ALJ improperly evaluated treating Nurse Practitioner ("NP") McCormack's opinion is meritless.[3] (Pl. Mem at 11-14; *see* Tr. 23, 616-23). The ALJ determined that NP McCormack's opinion was unpersuasive because it was vague, conclusory, and did not assess Plaintiff's ability to perform most work-related activities. (Tr. 23; *see* Tr. 616). NP McCormack completed a medical source questionnaire in which she opined that Plaintiff could not perform low-stress work. (Tr. 617). NP McCormack, however, declined to answer questions regarding Plaintiff's other work-related functional

---

[3] The ALJ mistakenly referred to NP McCormack as NP Murphy.  (Tr. 23).

limitations. (Tr. 618-21). Also, as the ALJ further determined, NP McCormack's opinion as to Plaintiff's ability to perform low-stress work was not consistent with the assessments of Drs. May, Lieber-Diaz, Fabiano, and Stehlik. (*Compare* Tr. 617 *with* Tr. 58, 85, 628, 732). *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources of record, the more persuasive the medical opinion will be). Drs. May, Lieber-Diaz, Fabiano, and Stehlik assessed that Plaintiff had no more than mild mental limitations. (Tr. 58, 85, 632, 732). Moreover, Dr. Stehlik specifically assessed that Plaintiff could perform low-stress work. (Tr. 628). *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (holding that it is within the ALJ's discretion to resolve genuine conflicts in the evidence); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record"); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence."). Substantial evidence, therefore, supports the ALJ's determination that NP McCormack's opinion was unpersuasive. (Tr. 23; *see* Tr. 616-23).

The ALJ's evaluation of opinion evidence is a factual analysis and, as such, is subject to the substantial evidence standard of review, just as any other factual finding. *See* 42 U.S.C. § 405(g). The substantial evidence standard contemplates deference to an ALJ's weighing of conflicting evidence. *Biestek*, 139 S. Ct. at 1154; *McIntyre*, 758 F.3d at 149; *Brault*, 683 F.3d at 448; *Richardson*, 402 U.S. at 399. Therefore, Plaintiff's contention that the ALJ did not properly evaluate the totality of the medical evidence in reaching the RFC is an invitation for this Court to reweigh the evidence, which is beyond the scope of the deferential substantial evidence standard recently affirmed by the

Supreme Court in *Biestek*. *See, e.g., Krull v. Colvin*, 669 F. App'x 31, 32 (2d. Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.").

Plaintiff also contends that, because some of Dr. Stehlik's treatment records support his assessment of significant work-related limitations, the ALJ improperly found that the assessment was unpersuasive. (Pl. Mem at 11-14; *see* Tr. 23, 627-33). Plaintiff's contention is unavailing. The ALJ determined that Dr. Stehlik's opinion was unpersuasive, because it was not well supported by his treatment records. (Tr. 23; *see* Tr. 627-33). *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the source's opinion, the more persuasive the source's opinion will be). Dr. Stehlik's observations that Plaintiff's examination findings were consistently unremarkable arguably did not support his more restrictive assessment. (*Compare* Tr. 396, 403, 423, 426 *with* Tr. 627-33).

In any event, Plaintiff's assertions that the ALJ should have evaluated the evidence differently and should have found additional functional limitations is unavailing. (Pl. Mem. at 11-14). Under the well-established deferential "substantial evidence" standard of review, the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude otherwise*." *Brault*, 683 F.3d at 448 (emphasis in original). The relevant question is not whether there is some evidence that supports the claimant's allegations, but whether there is substantial evidence to support the ALJ's decision. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported

by substantial evidence, shall be conclusive."). Thus, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d at149. In light of this deferential standard of review, it is not enough for Plaintiff to identify evidence that might have supported a more restrictive RFC; he must show that no reasonable factfinder could have weighed the evidence and assessed the RFC that the ALJ did. Plaintiff fails to meet this "high bar." *Biestek*, 139 S. Ct. at 1154 (2019).

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is denied and defendant's motion for judgment on the pleadings (Dkt. No.7) is granted. The case is therefore dismissed.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      December 20, 2023
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge